IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT ALLEY,  )<br>  )<br>    Petitioner,  )<br>  )<br>v.  )<br>  )<br>THE STATE OF DELAWARE,  )<br>  )<br>    Respondent.  ) | Civ. No. 14-1501-SLR |

**MEMORANDUM**

At Wilmington this 15th day of October, 2015, having reviewed the above captioned case, the court will dismiss petitioner Robert Alley's ("petitioner") pro se "petition for a writ of error coram nobis [] pursuant to [the] all writs act" (D.I. 1) and his request for a "writ of audita querela" (D.I. 14 at 2), for the reasons that follow:

1. **Background.** In 2008, petitioner pled guilty to resisting arrest and criminal impersonation. *See In re Alley*, 106 A.3d 1049 (Table), 2014 WL 7251989, at *1 (Del. Dec. 18, 2014). For the resisting arrest conviction, petitioner was sentenced to two years of Level V incarceration, suspended after three months for one year of Level III probation. For the criminal impersonation conviction, he was sentenced to one year of Level V incarceration, suspended for one year of Level III incarceration. *Id.* Petitioner did not file a direct appeal. *Id.*

2. In February 2011, the Superior Court found that petitioner had violated his probation. *See Alley*, 2014 WL 7251989, at *1. With respect to his original resisting arrest conviction, the Superior Court sentenced petitioner to two years of Level V

incarceration, suspended after nine months, and then discharged as unimproved. *Id.* The Superior Court discharged petitioner as unimproved for his criminal impersonation conviction. *Id.*

3. In March 2013, petitioner filed a Rule 61 motion for postconviction relief challenging his 2008 convictions and sentences. *See State v. Alley*, 2014 WL 605440, at *1 (Del. Super. Feb. 14, 2014). The Delaware Superior Court denied the motion as untimely, *Id.*, and the Delaware Supreme Court affirmed that decision. *See Alley v. State*, 105 A.3d 988 (Table), 2014 WL 7009961, at *1 (Del. Nov. 20, 2014).

4. In December 2014, petitioner filed a petition for writ of certiorari in the Delaware Supreme Court, alleging that his 2008 sentence was unlawful. *See Alley*, 2014 WL 7251989, at *1. The Delaware Supreme Court dismissed the petition for failing to meet the threshold requirements for a writ of certiorari. *Id.* at *2.

5. Meanwhile, in August 2014, petitioner pled guilty to one count of second degree robbery. *See Alley v. State*, 119 A.3d 42 (Table), 2015 WL 4511348, at *1 (Del. July 24, 2015). In December 2014, the Delaware Superior Court sentenced petitioner as a habitual offender to a total period of eight years and six months at Level V incarceration, with credit for 726 days previously served. *Id.* The predicate felony conviction for petitioner's habitual offender status was his 2008 conviction for resisting arrest. *Id.* at *2.

6. Petitioner appealed his 2014 conviction for second degree robbery asserting, *inter alia*, that he should not have been sentenced as a habitual offender because his 2008 predicate felony conviction was constitutionally infirm. *See Alley*, 2015 WL

4511348, at *2. The Delaware Supreme Court denied all of petitioner's arguments and affirmed his 2014 conviction and sentence. *Id.* at *4.

7. In December 2014, petitioner filed the instant "petition for a writ of error coram nobis [] pursuant to [the] all writs act" with respect to his 2008 conviction and sentence for resisting arrest. Petitioner asserts that his 2008 conviction for resisting arrest and corresponding sentence were constitutionally "infirm," and that he was only eligible for habitual sentencing for his 2013 conviction because of that "infirm" 2008 conviction. (D.I. 11 at 3) He explains that he is no longer in custody for his 2008 conviction, and that Delaware does not provide any legal method for challenging a final judgment once the defendant is no longer in custody. *Id.* Consequently, he asks the court to vacate his 2008 conviction pursuant "to coram nobis [and the] all writs act." (D.I. 11 at 4)

8. During the pendency of this proceeding, petitioner filed a "supplemental memorandum" asserting an additional request for relief in the form of a "writ for audita querela." (D.I. 14 at 2) He contends that "audita querela [relief] might be deemed available as there is a legal objection to a conviction that has arisen subsequent to the conviction and that is not re-dressable pursuant to another post-conviction remedy." *Id.*

9. **Standard of Review**. Federal courts have authority to issue a writ of error coram nobis under the all writs act, which permits "courts established by an Act of Congress" to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651. The availability of coram nobis relief is limited to situations where the petitioner's sentence has been served, the petitioner shows exceptional circumstances and continuing collateral disadvantages, and alternative remedies (such as habeas corpus) are not available. *United States v. Denedo*, 556

3

U.S. 904, 911 (2009). *Id.* at 911. Significantly, however, coram nobis relief is not available in federal court as a means of attacking a state court judgment. *See Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). Rather, a person seeking coram nobis relief with respect to a state court conviction must pursue such relief in state court, not federal court. *Id.*

10. In turn, "[t]he common law writ of audita querela permitted a defendant to obtain relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009)(internal citations omitted). The "writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." *Id.*

11. As for applications seeking habeas relief from state court convictions filed pursuant to 28 U.S.C. § 2254, a federal district court only has jurisdiction over a habeas application when the petitioner is in custody pursuant to the state court judgment "he is attacking at the time the habeas petition is filed." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. § 2254(a). A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

12. **Discussion**. In this case, petitioner challenges the legality of his 2008 Delaware Superior Court conviction and sentence for resisting arrest, which he asserts has been fully discharged. (D.I. 1 at 4; D.I. 9 at 2; D.I. 11 at 4) The court's power of coram nobis review is limited to challenges associated with federal convictions. Thus, to the extent the instant filing may be considered a "true" petition for a writ of coram nobis, it is dismissed for lack of jurisdiction.

13. To the extent petitioner seeks relief via the writ of audita querela, his argument is similarly unavailing. The writ of audita querela is generally limited to **federal** criminal cases, *See Quintana v. Nickolopoulos*, 768 F. Supp. 118, 120 (D. N.J. 1991), and a federal prisoner may not seek a writ of audita querela if he can seek redress under § 2255. *See Massey*, 581 F.3d at 174. Here, because petitioner is challenging the validity of his 2008 state conviction and/or sentence, his exclusive remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, even though, as explained below, he cannot satisfy AEDPA's gatekeeping requirements for bringing a § 2254 application challenging his 2008 state conviction and/or sentence. *See Quintana*, 768 F. Supp. at 120; *Massey*, 581 F.3d at 174 ("Massey may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 for filing a second or successive § 2255 motion to vacate sentence.").

14. Finally, even if the court were to construe the instant filing as an application for habeas relief pursuant to 28 U.S.C. § 2254, the court would summarily dismiss the application for lack of jurisdiction. The court originally treated the instant filing as an application for a writ of habeas corpus and sent petitioner the required initial AEDPA order notifying him of his rights and an AEDPA election form providing him with an opportunity to indicate how he wishes to proceed. (D.I. 7) In his AEDPA election form, petitioner expressly states that he is not seeking habeas corpus relief for his 2014 conviction but, rather, he is seeking the writ of coram nobis for his expired 2008 state conviction and sentence. (D.I. 7 at 2) He also filed a "supplemental memorandum" to "clarify" that he wants his 2008 conviction and/or sentence vacated. (D.I. 11 at 1, 4)

Thus, since petitioner's sentence for his 2008 conviction has been fully discharged, he does not satisfy § 2254's "in custody" requirement for challenging that conviction.

15. To the extent one may be necessary, the court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

16. **Conclusion.** For the above reasons, the court will dismiss the instant petition for a writ of coram nobis and petitioner's request for a writ of audita querela for lack of jurisdiction. Based on the foregoing, petitioner's motion seeking representation by counsel (D.I. 8) will be dismissed as moot. A separate order shall issue. *See* Fed. R. Civ. P. 58(a).

_____
UNITED STATES DISTRICT JUDGE